# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| JAMES W. CLARK, JR., | ) |
|     *Plaintiff*, | ) Case No. 1:23-cv-310 |
| v. | ) Judge Travis R. McDonough |
| | ) Magistrate Judge Susan K. Lee |
| TENNESSEE DEPARTMENT OF CORECTIONS, FRANK STRADA, GREGORY WILLIAMS, BRET COBBLE, ARAMARK, and JOHN DOE, | ) |
|     *Defendants*. | ) |

## MEMORANDUM AND ORDER

Plaintiff, a self-represented prisoner housed in the Bledsoe County Correctional Complex, filed a complaint under 42 U.S.C. § 1983 [Doc. 3] and a motion for leave to proceed *in forma pauperis* [Doc. 2].

The Prison Litigation Reform Act ("PLRA") contains a "three strikes" provision, 28 U.S.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff acknowledges that he has received three strikes [Doc. 2 p. 1]. And this Court previously found that Plaintiff filed at least three prisoner cases that were each dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Clark v. Tennessee Dep't of Corr.*,

No. 3:08-cv-97 (E.D. Tenn. Mar. 26, 2008) (denying Plaintiff's motion to proceed *in forma pauperis* because of the "three strikes" provision) (citing *Clark v. Dedrick*, No. 1:97-cv-152 (M.D. Tenn. Nov. 20, 1997) (dismissing case as frivolous); *Clark v. Noles*, No. 1:98-cv-1194 (W.D. Tenn. Oct. 16, 1998) (dismissing case as frivolous); *Clark v. Corr. Corp. of America*, No. 1:03-cv-98 (M.D. Tenn. Sept. 10, 2003) (dismissing case for failure to state a claim). Therefore, under the "three strikes" provision of the PLRA, Plaintiff cannot file the instant suit—or any future suit *in forma pauperis*—unless he can demonstrate that he is "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

To be eligible for the "imminent danger of serious physical injury" exception, Plaintiff "must plausibly allege such a danger." *See Gresham v. Meden*, 938 F.3d 847, 849 (6th Cir. 2019) (citing *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013)). "A physical injury is 'serious' for purposes of § 1915 if it has potentially dangerous consequences such as death or severe bodily harm"—"[m]inor harms or fleeting discomfort don't count." *Id.* at 850.

In his complaint, Plaintiff does not allege that he is in imminent danger of serious physical injury [*See* Doc. 3]. Therefore, Plaintiff may not proceed as a pauper in this case. Accordingly, for the reasons set forth above, Plaintiff's motion to proceed *in forma pauperis* [Doc. 2] is **DENIED** pursuant to § 1915(g). Plaintiff is **ORDERED** to pay the entire $405.00 filing fee within fourteen (14) days of entry of this Order. *See McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997) ("Section 1915(b)(1) compels the payment of the [filing] fees at the moment the complaint. . . is filed."). Plaintiff is **NOTIFIED** that failure to comply with this Order will result in the dismissal of this action without further notice.

SO ORDERED.

ENTER:

           **/s/** *Travis R. McDonough*
           **TRAVIS R. MCDONOUGH**
           **UNITED STATES DISTRICT JUDGE**